```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
```

REBECCA EDWARDS,

    Plaintiff,

v.   Case No.: 2:22-cv-02682-TMP

SHELBY COUNTY, TENNESSEE,
a Tennessee municipality operating as
the SHELBY COUNTY HEALTH
DEPARTMENT,

    Defendants.

---

**ORDER ON MOTION TO STAY JUDGMENT PENDING APPEAL**

---

Before the court is Defendant Shelby County's Motion for Stay of Judgment Pending Appeal. (ECF 89). The court held a virtual hearing on August 27, 2024 regarding the Motion, and also heard arguments regarding Plaintiff's Motion for Equitable Relief, (ECF 79), and Plaintiff's Motion to Extend Deadline to File Motion for Attorney's Fees, (ECF 93). Attorney Matt Gulotta was present at the hearing on behalf of Plaintiff, and Attorney Lee Whitwell was present on behalf of Defendant. After hearing from both parties, the court grants Defendant's Motion in part, and reserves ruling in part.

**Factual Background**

On July 18, 2024, the court entered a Judgment awarding Plaintiff a monetary judgment of $205.46 for nominal damages,

$100,410.92 for total compensatory damages, and $38,009.73 for back pay. (ECF No. 78). On July 27, 2024, Plaintiff filed a Motion for reinstatement or front pay, pre-judgment, and post-judgment interest, (ECF 79), as well as a bill of costs, (ECF 80, 81). On July 29, Plaintiff filed a Motion to extend her deadline to petition for attorney's fees, (ECF 82), which the court granted, (ECF 83).

On August 2, the Clerk of Court scheduled a Taxation of Costs hearing. (ECF 84). That hearing was later reset and is now scheduled for October 2. (ECF 90). On August 9, 2024, Defendant filed a Motion to extend its deadline to respond to Plaintiff's Motion for Reinstatement, (ECF 86), which the court granted, (ECF 87). Also on August 9, 2024, Defendant filed a Notice of Appeal to the Sixth Circuit. (ECF 85).

As a result of the Notice of Appeal, Defendant filed a Motion to stay the judgment pending appeal, asking that the court stay the monetary judgment, as well as Plaintiff's requests for reinstatement (or front pay), for pre-judgment and post-judgment interests, for costs, and Plaintiff's pending request for attorney's fees. (ECF 89). Defendant also requests that it be excused from filing a surety bond pending its appeal. Lastly, on August 23, Plaintiff filed a second motion to extend her deadline to petition for attorney's fees. (ECF 93).

**Legal Analysis**

Under Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." However, Rule 62 "in no way implies that filing a bond is the only way to obtain a stay." *Arban v. West Pub. Corp*, 345 F.3d 390, 409 (6th Cir. 2003) (citation omitted). Indeed, "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.*

In light of the arguments made at the hearing, the court rules as follows:

Defendant's obligation to pay Plaintiff the judgment, costs, pre-judgment, and post-judgment interest is hereby stayed, pending the outcome of Defendant's appeal. Plaintiff's deadline to file a petition for attorney's fees is also hereby stayed pending appeal. Plaintiff's second motion for an extension of its deadline to file a petition is denied as moot without prejudice. And Defendant's request to be excused from filing a surety bond is granted.

The court reserves ruling on Defendant's request to stay Plaintiff's request for equitable relief (i.e., reinstatement). The Defendant will submit a response brief arguing the merits of that request. The court will rule on whether Plaintiff is entitled

- 4 -

to equitable relief and, in the event the court finds that any equitable relief is warranted, the court will at that time take up the question of whether such equitable relief should also be stayed pending appeal.

The Defendant's deadline to file its response in opposition to Plaintiff's request for equitable relief is extended to September 25, 2024. Based on arguments made during the hearing, if the trial transcript is not available sufficiently in advance of that date, Defendant may again seek an extension of time to file that response. Once the response is filed, Plaintiff will have fourteen (14) days to file a Reply.

The Clerk of Court is directed to cancel the currently-scheduled October 2 Taxation of Costs hearing, pending the outcome of Defendant's appeal.

IT IS SO ORDERED.

s/Tu. M Pham
CHIEF U.S. MAGISTRATE JUDGE