```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

| | |
|---|---|
| REBECCA EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-02682-TMP |
| | ) |
| SHELBY COUNTY, TENNESSEE, | ) |
| a Tennessee municipality | ) |
| operating as the SHELBY COUNTY | ) |
| HEALTH DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR EQUITABLE RELIEF AS TO REINSTATEMENT AND FRONT PAY AND GRANTING MOTION AS TO PRE- AND POST-JUDGMENT INTEREST**

Before the court is plaintiff Rebecca Edwards's Motion for Equitable Relief, filed on July 27, 2024.[1] (ECF No. 79.) Defendant Shelby County ("the County") filed its response in opposition on October 9, 2024. (ECF No. 104.) For the reasons below, the motion is DENIED as to reinstatement and front pay and GRANTED as to pre- and post-judgment interest.

## I.   FINDINGS OF FACT

Edwards was employed by the Shelby County Health Department from August 3, 2020, until her termination on October 8, 2021,

---

[1]The parties consented to having the undersigned conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 13.)

first as a "Contact Tracer Health Investigator" and then as a "Environmentalist Contact Tracer Inspector." (ECF No. 63 at PageID 1006.) Edwards filed her complaint on October 5, 2022. (ECF No. 1.) Edwards alleged employment discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), including failure to accommodate, retaliation, and wrongful termination, as well as procedural due process violations under 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the Shelby County Civil Service Merit Act of 1971. (Id.)

Following discovery, the County moved for summary judgment on all of Edwards's claims on March 5, 2024. (ECF No. 38.) On June 12, 2024, the undersigned granted the County's motion in part, dismissing Edwards's procedural due process claims, but denying it as to Edwards's failure to accommodate and retaliation claims under the ADA. (ECF No. 54.)

A jury trial was conducted on July 15, 2024. (ECF No. 66.) At trial, both parties introduced some evidence that Edwards had interviews scheduled for other positions with the County that were canceled following her termination. (See ECF Nos. 77; 99 at PageID 1610, 1625, 1637.) The County also presented evidence that Edwards's position was grant-funded and was set to be eliminated when that funding was exhausted on June 30, 2022.

(ECF No. 99 at PageID 1617.) It is undisputed that the position ended as scheduled and due to exhaustion of the grant.

On July 18, 2024, the jury returned a verdict for Edwards on all counts, and judgment was entered in accordance with the verdict. (ECF Nos. 74, 78.) The jury awarded Edwards $205.46 in nominal damages, $100,410.92 in compensatory damages, and $38,009.73 in backpay. (Id.) In awarding backpay, the jury specifically found that Edwards was only entitled to backpay through June 30, 2022, the date on which her position was scheduled to end and ceased to exist. (ECF Nos. 74 at PageID 1047; 99 at PageID 1617.)

On July 27, 2024, Edwards filed her motion for equitable relief, requesting reinstatement, or, in the alternative, front pay. (ECF No. 79.) Edwards also requests that she be awarded pre- and post-judgment interest in accordance with 28 U.S.C. § 1961. (Id.) The County filed its response in opposition on October 9, 2024. (ECF No. 104.) The County argues that Edwards is not entitled to reinstatement because her position no longer exists and because she did not present evidence that she was otherwise entitled to employment with the Shelby County Health Department. (Id.) The County also argues that front pay is inappropriate because, in only awarding backpay through June 30,

2022, the jury found that Edwards was not entitled to employment beyond June 30, 2022.[2] (Id.) Edwards did not file a reply.

## II. REINSTATEMENT

First, Edwards requests reinstatement to her employment with the County. "Upon a finding of invidious discrimination, a district court has wide discretion to impose equitable remedies . . . ." Fuhr v. Sch. Dist. of City of Hazel Park, 364 F.3d 753, 760 (6th Cir. 2004) (citing Shore v. Fed. Express Corp., 42 F.3d 373, 377 (6th Cir. 1994)("Shore II"). "[R]einstatement is the preferred equitable remedy where discrimination has been prove[n]," and plaintiffs are presumptively entitled to reinstatement. Id. at 761 (citing E.E.O.C. v. Yenkin-Majestic Paint Corp., 112 F.3d 831, 836 (6th Cir. 1997); Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1171 (6th Cir. 1996); Schwartz v. Gregori, 45 F.3d 1017, 1023 (6th Cir. 1995); and Shore v. Fed. Express Corp., 777 F.2d 1155, 1159 (6th Cir. 1985)("Shore I"). However, there are certain circumstances where reinstatement is inappropriate or infeasible, including "where the plaintiff has found other work, where reinstatement would require displacement of a non-culpable employee, or where hostility would result." Roush v. KFC Nat. Mgmt Co., 10 F.3d

---

[2] The County does not address Edwards's request for pre- and post-judgment interest. The County also requests that, should equitable relief be awarded, that award be stayed pending the County's appeal to the Sixth Circuit. (ECF No. 104.)

392, 398 (6th Cir. 1993); see also Bohannon v. Baptist Mem'l Hosp.-Tipton, No. 09-2220-STA, 2010 WL 1856548, at *8 (W.D. Tenn. May 7, 2010)(finding reinstatement was not warranted where the plaintiff's position was eliminated).

The County argues that reinstatement is inappropriate here because Edwards's position—and the sole purpose for that position, the COVID-19 pandemic—no longer exists.[3] Indeed, the County presented evidence at trial that Edwards's position as a contact tracer was eliminated after June 30, 2022. (ECF No. 99 at PageID 1617.) In her motion, Edwards does not specify to which position she seeks reinstatement, nor has she explained, either in her motion or at trial, whether a comparable position exists. Under these circumstances, reinstatement is not appropriate, and the court declines to create a new position for her. See Alexander v. Bosch Auto. Sys., Inc., 232 F. App'x 491, 497 (6th Cir. 2007) (citing Davis v. Passman, 442 U.S. 228, 245 (1979))(holding that reinstatement was "not possible" as a

---

[3] The County cites Gunter v. Bemis Co., Inc., 906 F.3d 484, 492 (6th Cir. 2018), for the proposition that a plaintiff is not entitled to reinstatement for a position that has been eliminated. However, outside of the single, out-of-context quotation provided by the County in its parenthetical, that case does not discuss whether a plaintiff is entitled to reinstatement where a position has been eliminated, and instead finds that the district court committed reversible error by giving the jury the option of awarding front pay rather than reinstating the plaintiff. Id.

remedy under ERISA because plaintiffs' positions no longer existed); Bohannon, 2010 WL 1856548, at *8 (holding that reinstatement was not available because the plaintiff's position and department were eliminated); see also Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246, 1255 (5th Cir. 1995) (finding that the plaintiff's "position no longer exists," and that "reinstatement is inappropriate when a comparable position is not available"); Webster v. Bd. of Supervisors of U. of La. Sys., No. 13-6613, 2015 WL 4459211, at *7 (E.D. La. July 21, 2015) (citing Woodhouse v. Magnolia Hosp., 92 F.3d 248, 257 (5th Cir. 1996)) ("[T]he Court finds that reinstatement is not available because no comparable position exists to which plaintiff could be reinstated.").

Accordingly, Edwards's motion is DENIED as to her request for reinstatement.

### III. FRONT PAY

In the alternative, Edwards requests front pay. "[T]he remedies of reinstatement and front pay are alternative, rather than cumulative," Suggs. v. ServiceMaster Educ. Food Mgmt., 72 F.3d 1228, 1234 (6th Cir. 1996), and "front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement," Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001); see also Shore I, 777 F.2d at 1158 ("Front pay is therefore simply

compensation for the post-judgment effects of past discrimination.").[4] "Determination of when to award front pay is within the discretion of the trial court . . . ." Suggs, 72 F.3d at 1234. The Sixth Circuit has outlined six factors to consider in deciding whether front pay is appropriate:

> (1) the employee's future in the position from which [they were] terminated; (2) [their] work and life expectancy; (3) [their] obligation to mitigate [their] damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards.

Id. (internal quotations omitted).

Edwards requests front pay for approximately three years, until she reaches the age of 65. In support, Edwards argues that she enjoyed a history of promotion by the County and the prospect of continued employment prior to her unlawful termination. (ECF No. 79 at PageID 1081.) Edwards asserts that, based on the County's responses to her interrogatories, her "unlawful termination was a factor when [the County] decided not to hire or interview for" other positions. (Id. at PageID 1082.) She explains that she is 62 and that she continues to look for suitable employment, albeit without success. (Id.) And, considering the third and fourth factors, she argues that the

---

[4]Backpay, in contrast, compensates an employee through the date of judgment. See Shore I, 777 F.2d at 1158-59.

- 7 -

County has not offered evidence to show that she has failed to mitigate damages. (Id.) In opposition, the County argues that the first factor is dispositive: as the County sees it, the jury's finding that Edwards was only entitled to backpay through June 30, 2022, necessitates the finding that Edwards had no future in her position.[5] (ECF No. 104 at PageID 1840.) The court finds the County's argument persuasive.

The court acknowledges that Edwards's working for three additional years is reasonable under the second factor and that she has taken reasonable efforts to mitigate her damages under the third factor. But, considering the first factor, the County put on evidence at trial that Edwards's position was scheduled to be eliminated after June 30, 2022, (ECF No. 99 at PageID 1617), and the jury specifically limited Edwards's award of backpay through that date, rather than through the date of trial, (ECF No. 74 at PageID 1047.) Without deciding whether the

---

[5] The County also argues in a footnote that Edwards is not entitled to front pay because she did not specifically request it as part of her calculation of damages in her pre-trial order. (ECF No. 104 at PageID 1839.) However, reinstatement and front pay are alternative remedies, and "[c]ourts generally award front pay when reinstatement is inappropriate or infeasible." Suggs, 72 F.3d at 1234. Accordingly, "if a plaintiff elects to be reinstated and the Court finds it inappropriate, the plaintiff is not then foreclosed from seeking front pay as an alternative remedy." Burton v. Zwicker & Assocs., PSC, 978 F. Supp. 2d 759, 766 (E.D. Ky. 2013), aff'd, 577 F. App'x 555 (6th Cir. 2014). Thus, the Court will not deny Edwards's request on this particular basis.

jury's limiting backpay necessitates that the jury found Edwards had no future in the position, the undersigned independently finds Edwards "had no expectation of continued employment" beyond June 30, 2022: her position was eliminated, and she has not shown that a comparable position exists for which she is otherwise qualified. Bohannon, 2010 WL 1856548, at *8. Front pay is meant to remedy the post-judgment effects of discrimination, Pollard, 532 U.S. at 846, but because the jury concluded that Edwards was entitled to backpay only through June 30, 2022, it would be inconsistent to conclude that, absent discrimination, Edwards would have had a continued expectation of employment from the date of judgment onwards when there would be a two-year gap during which she had no entitlement to any employment. Thus, under the specific facts of this case, Edwards is not entitled to front pay. See Bohannon, 2010 WL 1856548, at *8 (granting summary judgment for defendants on the availability of front pay because the plaintiff's position and department were eliminated during the pendency of litigation).

Because Edwards did not have an expectation of continued employment with the County and is not entitled to front pay on that basis, the undersigned need not address the fourth, fifth, and sixth factors.

Accordingly, Edwards's motion is DENIED as to her request for front pay.

- 9 -

## IV.  PRE- AND POST-JUDGMENT INTEREST

Finally, Edwards requests pre- and post-judgment interest. Edwards is statutorily entitled to post-judgment interest. 28 U.S.C. § 1961. Accordingly, Edwards's motion is GRANTED as to her request for post-judgment interest, and she is hereby awarded post-judgment interest on her economic and compensatory damages at the rate set under § 1961.

Regarding pre-judgment interest, the County does not contest Edwards's request. Accordingly, Edwards's motion is GRANTED as to that request, and she is hereby awarded pre-judgment interest on her economic and compensatory damages at the rate set under § 1961.

It is furthered ordered that the County's obligation to pay pre- and post-judgment interest is stayed consistent with the court's August 27, 2024 order. (ECF No. 95.)

## V.  CONCLUSION

For the foregoing reasons, Edwards's Motion for Equitable Relief is DENIED as to her requests for reinstatement and front pay and GRANTED as to her request for pre- and post-judgment interest. The County's obligation to pay pre- and post-judgment interest is stayed consistent with the court's August 27, 2024 order.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 22, 2024
Date