IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

REBECCA EDWARDS,                    )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )        No. 22-cv-2682-TMP
                                    )
SHELBY COUNTY, TENNESSEE,           )
a Tennessee municipality            )
operating as the SHELBY             )
COUNTY HEALTH DEPARTMENT,           )
                                    )
     Defendant.                     )
                                    )

_____

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
_____

Before the court is Plaintiff Rebecca Edwards's Motion for an Award of Attorney's Fees and Costs.[1] (ECF No. 26.) For the reasons below, the motion is GRANTED.

## I.    BACKGROUND

In October of 2022, Edwards filed a complaint alleging claims against Defendant Shelby County under the Americans with Disabilities Act (as amended by the ADA Amendments Act of 2008) ("ADA"), 42 U.S.C. § 12101 et seq. for disability discrimination and retaliation, and under 42 U.S.C. § 1983 for violations of her

_____

[1]The parties consented to having the undersigned conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, on December 1, 2022. (ECF No. 13.)

- 1 -

procedural due process rights. (ECF No. 1 at PageID 1.) On June 12, 2024, the court entered an order granting in part the Defendant's Motion for Summary Judgment and dismissing Edwards's § 1983 procedural due process claims. (ECF No. 54 at PageID 950.) Judgment was entered on the remaining ADA claims after a jury trial, which awarded Edwards $205.46 for nominal damages, $100,410.92 for total compensatory damages, and $38,009.73 for back pay. (ECF No. 78.) Shelby County filed an appeal, and on November 7, 2025, the Sixth Circuit affirmed. (ECF No. 107.)

Edwards filed her Motion for Attorney's Fees on December 1, 2025. (ECF No. 114.) She requests that the court grant her an award of attorney's fees in the amount of $338,132.50 and costs in the amount of $4,594.55. (Id. at PageID 1915.)

## II.  ANALYSIS

### A.  Standard of Review

Attorney's fees are recoverable for prevailing parties as part of their costs under the ADA. 29 U.S.C. § 794a(b). The Supreme Court has set forth standards applicable to statutory fee awards. See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983); Quinonez v. IMI Material Handling Logistics, Inc., No. 3:21-CV-159, 2024 WL 4212060, at *2 (S.D. Ohio Sept. 17, 2024). To recover fees under such a fee shifting statute, a plaintiff must be the "prevailing party." Hensley, 461 U.S. at 432; Mosby v. Reaves L. Firm PLLC, No. 2:23-CV-02009, 2025 WL 2988466, at *2 (W.D. Tenn. Oct. 23,

- 2 -

2025). The "prevailing party" is a party who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Mosby, 2025 WL 2988466, at *2 (quoting Hensley, 461 U.S. at 432). Although Edwards's due process claim was dismissed at summary judgment, the jury found for her on all three of her claims under the ADA, and the Sixth Circuit affirmed. As a result, it is undisputed that Edwards is a prevailing party.

A prevailing party is entitled to recover attorney's fees based upon the "lodestar" calculation method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Quinonez, 2024 WL 4212060, at *2 (quoting Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551 (6th Cir. 2008)). "The party seeking fees must submit documentation such that the Court may determine that the hours claimed were actually expended on the litigation. However, once the party seeking fees demonstrates that the hours and fees are reasonable, the lodestar calculation is presumptively reasonable." Id. (citing Imwalle, 515 F.3d at 552). Trial courts have broad discretion to determine what constitutes a reasonable hourly rate, but should assess the prevailing market rate in the relevant community when evaluating a request for attorney's fees. G.S. v. Lee, No. 21-CV-02552, 2022 WL 20512929, at *10 (W.D. Tenn. Sept. 30, 2022), *aff'd sub nom. G.S. by & through Schwaigert v. Lee*, No. 22-5969, 2023 WL 5205179

- 3 -

(6th Cir. Aug. 14, 2023) (citing Waldo v. Consumers Energy Co., 726 F.3d 802, 821 (6th Cir. 2013)).

"To determine the number of reasonable hours for the lodestar calculation, 'the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.'" Mosby, 2025 WL 2988466, at *2 (quoting Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990) (abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598 (2001)). The court excludes hours from the lodestar calculation that were "excessive, redundant, or otherwise unnecessary." Id.; see also Hensley, 461 U.S. at 434. The court "may 'identify specific hours that should be eliminated . . . or it may rely on its 'overall sense of a suit' and 'use estimates' to calculate an attorney's time." Freed v. Thomas, 137 F. 4th 552, 561 (6th Cir. 2025) (citations omitted). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Mosby, 2025 WL 2988466, at *2 (quoting Hensley, 461 U.S. at 434 (emphasis in original)). "Documentation of hours must be sufficiently detailed to allow the court 'to determine with a high degree of certainty that [the] hours were actually and reasonably expended in the prosecution of the litigation.'" Id. at *3 (quoting Richard v. Caliber Home Loans, Inc., 832 F. App'x 940, 947 (6th Cir.

- 4 -

2020)). To be sufficiently detailed, counsel "is not required to record in great detail how each minute of his time was expended [b]ut at least counsel should identify the general subject matter of his time expenditures." Id. (quoting Hensley, 461 U.S. at 437 n.12). If the party seeking attorney's fees presents an inadequate documentation of hours, the court may reduce the award accordingly. Id. (citing Hensley, 461 U.S. at 433; Imwalle, 515 F.3d at 552).

"The attorney seeking fees must produce 'billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case.'" Westbrook v. Chattanooga Hamilton Cnty. Hosp. Auth., No. 1:23-CV-216, 2025 WL 3527320, at *2 (E.D. Tenn. Dec. 9, 2025) (quoting Imwalle, 515 F.3d at 552). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 900 n.11 (1984); see also Dhadphale v. Delaney, No. 2:18-CV-13780, 2020 WL 6685098, at *4 (E.D. Mich. Nov. 12, 2020). Factors that may be considered by the court to increase or decrease the amount of fees sought include: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services

- 5 -

properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." G.S., 2022 WL 20512929, at *10 (quoting Hensley, 461 U.S. at 430 n.3). The "most critical factor [in the adjustment calculation] is the degree of success obtained." Id. (quoting Hensley, 461 U.S. at 436).

The "'relevant community' for fee purposes [is] the legal community within that court's territorial jurisdiction." Westbrook, 2025 WL 3527320, at *2 (quoting Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000)). The "'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command" within the relevant community. Id. (quoting Adcock-Ladd, 227 F.3d at 350). "The reasonableness of the hours expended must be considered on a case-by-case basis, and 'there is no precise rule or formula' to determine how many hours are reasonable." Id. (quoting Hensley, 461 U.S. at 429, 436). In the Western District of Tennessee, "the Local Rules require parties to submit an affidavit or declaration of counsel detailing the number of hours spent on each aspect of

- 6 -

the case and an affidavit or declaration from another attorney in the community, who is not otherwise involved in the case, setting out the prevailing rate in the community for similar services." G.S., 2022 WL 20512929, at *2; L.R. 54.1(b)(1)-(2).

Once the lodestar has been calculated, "[t]he court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the 'result obtained.'" Westbrook, 2025 WL 3527320, at *2 (quoting Hescott v. City of Saginaw, 757 F.3d 518, 526-27 (6th Cir. 2014)). Determining the result requires two steps: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. (quoting Wayne v. Vill. of Sebring, 36 F.3d 517, 531 (6th Cir. 1994)).

## B.    Requested Fees and Costs

Edwards states that reasonable hourly rates for her attorneys are "$450 per hour for Steven Wilson, $450 per hour for Robert Amann, and $425 per hour for Matt Gulotta." (ECF No. 114-1 at PageID 1923.) She cites to the declarations of her three attorneys and further states that "according to experienced and well-respected employment law attorneys, William B. Ryan, John W. Simmons, and Yollander Hardaway, the hourly rates charged by Edwards's counsel are similar to the rates for comparably

- 7 -

experienced employment law attorneys in the Memphis legal market handling employment and civil rights cases." (Id. at PageID 1923-24.) She then argues that the requested fees were reasonably incurred by counsel. (Id. at PageID 1924.) She asserts that "the Defendant put up a spirited and hard-fought defense, including its appeal to the Sixth Circuit[,]" and that her attorneys vigorously prosecuted her claim. (Id.) She further notes that Shelby County "disengaged from the cost-free mediation services provided by the Sixth Circuit to the parties, prior to filing of briefs and oral argument," and now continues to file motions and pursues a petition for a writ of certiorari to the Supreme Court. (Id. at PageID 1924-25.)

Edwards lists the reasonable and necessary tasks undertaken by her attorneys, including investigations, discovery, the multi-day jury trial, and appeal. (Id. at PageID 1925.) In his affidavit, attorney Steve Wilson states that he represented Edwards on a straight contingency fee and worked 399.8 hours on this case, at a rate of $450.00 an hour, amounting to a total request of $179,910.00. (ECF No. 114-2 at PageID 1931-33.) Attorney Robert Amann states that he also represented Edwards on a straight contingency fee and billed $450.00 an hour. (ECF No. 114-3 at PageID 1954-55.) He states that he worked 100.1 hours in this case, amounting to a total requested amount of $45,045.00 in attorney's fees. (Id. at PageID 1955.) Attorney Matthew Gulotta represented

- 8 -

Edwards on a straight contingency fee and states that his hourly rate is $425.00 per hour and that he worked 266.3 hours in this case, amounting to fees of $113,177.50. (ECF No. 114-4 at PageID 1981-82.) The attorneys' affidavits also include sufficiently detailed billing records. (ECF Nos. 114-2, 114-3, 114-4.)

### C. Shelby County's Response

Shelby County objects to the amount of attorney's fees sought. (ECF No. 121.) They argue that because Edwards's § 1983 due process claim was dismissed at summary judgment, her attorneys should not recover for work performed on that claim, as it was distinct from her other claims. (Id. at PageID 2031.) They additionally argue that counsel should not recover fees at the rate requested and that a 15% reduction of the overall fee is appropriate due to the "limited success" that was obtained. (Id. at PageID 2031-32.)

### 1. Deduction for Unsuccessful Claims

First, as to the work performed on the § 1983 due process claim, the court will not deduct any attorney hours for work performed in relation to that unsuccessful claim. Although "hours devoted to unsuccessful claims should be subtracted from the number of hours reasonably expended on the case as a whole[,]" Hensley, 461 U.S. at 435, "that is [only when] the unsuccessful claims . . . are based on 'different facts and legal theories' than the successful claims." Doe v. Univ. of Michigan, No. 2:18-CV-11776, 2024 WL 5239441, at *6 (E.D. Mich. Dec. 27, 2024) (quoting Harper

- 9 -

v. BP Expl. & Oil, Inc., 3 F. App'x 204, 207 (6th Cir. 2001)).

When defendants

> object to . . . hours billed by the attorneys on the grounds that these hours did not contribute to the ultimate success achieved by the plaintiffs . . . [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

Wooldridge, 898 F.2d at 1177; see also Firestone Fin., LLC v. Globe Transport, Inc., No. 1:24CV2232, 2025 WL 3481794, at *9 (E.D. Ohio Dec. 4, 2025). Further, "[w]hether attorney[']s fees should be awarded for unsuccessful claims depends on whether the unsuccessful claims are factually [or] legally related to the successful claims [and] [t]he burden is on the Defendants to demonstrate that a particular charge relates only to an unsuccessful claim." Harper, 3 F. App'x at 208.

The court finds that it was reasonable for Edwards's attorneys to spend time working on the ultimately dismissed due process claim. Further, the due process and ADA claims are factually related. The same factual circumstances surrounding Edwards's termination were investigated and relied on to support both claims. In addition to the factual relationship, there is also a temporal relationship. Edwards made complaints regarding Shelby County's treatment of her disability starting at the end of August. (ECF

- 10 -

No. 1 at PageID 7-8.) Edwards continued to make complaints throughout September. (Id. at PageID 8, 10-12.) The last complaint she made was on October 4, 2021, just a week before she was fired. (Id. at PageID 13, 16.) In other words, the events relating to both her due process and ADA claims took place over a matter of weeks. Therefore, the court will not deduct any attorney hours for work performed in relation to this unsuccessful claim.

2.    Reasonableness of Attorneys' Rates

Shelby County next argues that Edwards's attorneys' rates should be lowered. They cite to a July 2025 case decided in this district, Harper v. Shelby County, 21-cv-02300 (W.D. Tenn. May 11, 2021), ECF No. 85 at PageID 1579. (ECF No. 121 at PageID 2036.) Shelby County argues that like the present case, Harper was an ADA case in which attorney Wilson represented the plaintiff. (Id.) They note that although Wilson sought a rate of $450 per hour, the court awarded him a rate of $375 per hour. (Id. (citing Harper, 21-cv-02300, ECF No. 85 at PageID 1579).) They argue that the court's reasoning from Harper should be applied to this case and that Wilson should be awarded a rate of $375 per hour. (Id.) Alternatively, they argue that the court should authorize a modest increase (from their proposed rate of $375 per hour) to a rate of $385 per hour, given that most of the work in Harper was done in 2023, and substantial work in the present case was done in 2024. (Id.) They further argue that because Wilson has the most

- 11 -

experience of Edwards's three attorneys, both Gulotta's and Amann's rates should be similarly reduced. (Id.)

In Harper, attorney Wilson requested an attorney's fee of $450 per hour. Harper, 21-cv-02300, ECF No. 85 at PageID 1577. The court found that $375 was a reasonable hourly rate for Wilson because it was the "prevailing market rate in 2023 for attorneys with similar skill and experience." (Id. at PageID 1579.) In addition to Harper, this court has approved hourly rates ranging from $300 to $500 per hour in employment cases for attorneys with similar experience.[2] See Mosby v. Reaves Law Firm PLLC, No. 2:23-cv-02099, 2025 WL 2988466 (W.D. Tenn. Oct. 23, 2025); Perry v. Hardeman Cnty. Gov't, No. 1:19-cv-01106, 2025 WL 2814568 (W.D. Tenn. Sept. 30, 2025); Teran v. Lawn Enf't, No. 2:22-cv-02338, 2025 WL 1455961 (W.D. Tenn. May 21, 2025). In each of those cases, the court approved the hourly rates as requested by the attorneys, without any rate reduction. See Mosby, 2025 WL 2988466, at *9; Perry, 2025 WL 2814568, at *11; Teran, 2025 WL 1455961, at *3.

---

[2]These cases all involved substantial work completed in 2024 and were employment cases brought under the Fair Labor Standards Act, which is similar enough to the present case for the purpose of determining reasonable hourly rates for attorney's fees. Employment cases brought under the Fair Labor Standards Act, like cases brought under the ADA and other fee shifting statutes, apply the lodestar method to calculate attorney's fees. See Mosby, 2025 WL 2988466; Perry, 2025 WL 2814568; Teran, 2025 WL 1455961.

The court finds that the hourly rates requested by Edwards's attorneys are reasonable. The attorneys have each properly supported their requested hourly rates with their own affidavits, as well as supporting declarations from local attorneys. Shelby County has not provided the court with any countervailing affidavits or declarations, and the cases cited above do not convince the court that the requested rates are unreasonable. While the rates appear to fall within the higher end of the range approved by this court in similar cases, they are not so high as to be deemed unreasonable. Thus, the hourly rates will not be reduced.

3.   Reduction for Limited Success

Shelby County's final argument is that Edwards's total amount of attorney's fees should be reduced 15% from the amount she requests. (Id. at PageID 2037.) They state that Edwards requested both monetary and injunctive relief, but only received monetary relief, and in an amount that was "substantially less than she asked[.]" (Id.) The Sixth Circuit has recognized that it is proper for a court to reduce fees in cases of limited success. Goza v. Memphis Light, Gas & Water Div., No. 17-CV-2873, 2019 WL 5855705, at *5 (W.D. Tenn. Oct. 8, 2019), report and recommendation adopted, No. 17-CV-2873, 2019 WL 5847849 (W.D. Tenn. Nov. 7, 2019) (citing Shore v. Fed. Express Corp., 42 F.3d 373, 381 (6th Cir. 1994)). The Supreme Court has "established two questions that a court must

address when contemplating a downward adjustment based on limited success." Id. (citing Hensley, 461 U.S. at 434).

> The first is whether the plaintiff failed to prevail on claims that were unrelated to the claims on which the plaintiff did succeed. The second question is whether the plaintiff achieved such a level of success that it makes the hours expended a "satisfactory basis for making a fee award." The "most critical factor is the degree of success obtained." If the claims are different and unrelated, then they may be treated separately; if, however, they are inseparable because they arise out of the same common facts or theories, then there will not be an immediate reduction.

Id. (quoting Hensley, 461 U.S. at 434-36) (internal citations omitted). When the claims arise from the same common facts or theories, the court should focus on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435.

> [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

Id. (internal citations omitted). If "a plaintiff has achieved only . . . limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. at 436. Attorney's fees are not authorized "whenever it was reasonable for a plaintiff to bring a lawsuit or

- 14 -

whenever conscientious counsel tried the case with devotion and skill." Id.

As discussed above, because both claims arose from the same common facts, no immediate reduction is warranted. "Instead the district court [will] focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435.

As to the level of success, Edwards's complaint asked for reinstatement of her position with Shelby County, compensatory damages for back-pay amounting to $49,310 plus benefits, $177,000 for lost employment over three years, compensatory damages for emotional pain and suffering, an award of out-of-pocket expenses and debts she incurred after losing her employment, attorney's fees, and costs and expenses. (ECF No. 1 at PageID 24-25.) The jury awarded Edwards $205.46 for nominal damages, $100,410.92 for total compensatory damages, and $38,009.73 for back pay, which amounts to $138,626.11. (ECF No. 78.) Although the court post-trial denied Edwards's request for reinstatement, the reason was because her position no longer existed. Moreover, she was awarded just under two-thirds of what she had requested. The Sixth Circuit has previously found that even larger differences between requested and awarded damages did not necessitate a reduction based on limited success. For example, in Imwalle, the Sixth Circuit determined that although the plaintiff had asked for damages of

- 15 -

$800,000 and only succeeded on some of her claims, resulting in the jury awarding her only $185,000, the district court correctly refused to reduce the lodestar amount based on limited success. 515 F.3d at 556. Thus, the court finds that Edwards's success was not limited, and her attorney's fees will not be reduced on that basis.

### III. CONCLUSION

Based on the above, Edwards's Motion for an Award of Attorney's Fees and Costs is GRANTED. She is hereby awarded attorney's fees in the total amount of $338,132.50 ($179,910.00 for attorney Wilson, $113,177.50 for attorney Gulotta, and $45,045.00 for attorney Amann) and costs in the amount of $4,594.55.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 25, 2026
Date